990 F.2d 606
 In the Matter of the Complaint of BOCA GRANDE CLUB, INC.,
for exoneration from or limitation of liability as owner of
a 16' Prindle catamaran sailing vessel hull no.
SUR06214M82E, Plaintiff-Counterclaim defendant-Counterclaim
plaintiff-Appellee,
v.
Alan POLACKWICH, Robert Polackwich, Jonathan Richards,
Alphonsus J. Polackwich and Eleanor A. Polackwich,
Defendants-Counterclaim plaintiffs,
Stephanie Polackwich, as personal representative of the
Estate of Jonathan Richards,
Defendant-Counterclaim
plaintiff-Crossclaim defendant,
O'Day Corporation, Defendant-Counterclaim
plaintiff-Crossclaim plaintiff-Crossclaim defendant,
Florida Power & Light Company, Inc., Defendant-Counterclaim
plaintiff-Crossclaim defendant-Crossclaim
plaintiff-Counterclaim defendant-Appellant.
 No. 92-2391.
 United States Court of Appeals,
Eleventh Circuit.
 May 12, 1993.
 
 Stuart C. Markman, Kynes & Markman, Tampa, FL, for appellant.
 Jack C. Rinard, David F. Pope, Tampa, FL, for appellee.
 Appeal from the United States District Court for the Middle District of Florida, William J. Castagna, Judge.
 Before TJOFLAT, Chief Judge, CARNES, Circuit Judge, and BRIGHT*, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this case, the district court, invoking the settlement bar rule suggested by Self v. Great Lakes Dredge & Dock Co., 832 F.2d 1540 (11th Cir.1987), cert. denied, 486 U.S. 1033, 108 S.Ct. 2017, 100 L.Ed.2d 604 (1988), rejected Florida Power & Light Company's (FP & L's) claim for contribution against Boca Grande Club, Inc. (Boca Grande) and gave Boca Grande summary judgment. After judgment was entered and this appeal was taken, Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller, 957 F.2d 1575 (11th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 484, 121 L.Ed.2d 388 (1992), concluded that the issue of contribution was not before the court in Self, and held that, under maritime law, a tortfeasor is not precluded from seeking contribution from a joint tortfeasor who has settled. Id. at 1578, 1582-83. Accordingly, we must vacate the district court's ruling and remand the case for further proceedings. In doing so, we do not pass on Boca Grande's argument that we should affirm the district court's summary judgement because, on the record before us, FP & L is not entitled to contribution.
 
 
 2
 VACATED and REMANDED for further proceedings.
 
 
 
 *
 Honorable Myron H. Bright, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation